UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>MICHELLE BLUM,<br>CASE NO. 7:20-CV-00122-MCR/GRJ | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones<br><br>PLAINTIFF'S REPLY TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

Pursuant to Rule 41(a)(2), Plaintiff Michelle Blum, by and through her undersigned counsel, has respectfully requested dismissal of this action without prejudice, with each party to bear its own costs. Defendants argue that the dismissal should be with prejudice and that Plaintiff should be ordered to pay Defendants' costs. Plaintiff submits this reply in support of her Motion to Dismiss Without Prejudice. *See* Dkt. 21 at 1.

**1. DISMISSAL SHOULD BE WITHOUT PREJUDICE.**

### Legal Standard

"[A] district court has discretion to grant a voluntary dismissal without prejudice even when a defendant objects and asserts he is entitled to a judgment on

the merits." *Fretwell v. Kansas City Life Ins. Co.*, 643 F. Supp. 2d 1317, 1328 (N.D. Fla. 2009) (emphasis added). As Rule 41(a)(2) itself states, such motions should be granted "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A motion for dismissal without prejudice should ordinarily be granted "unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986); *see also Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974); *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967). "[T]he crux of the inquiry is whether the defendant would lose any substantial right by the dismissal," and "[f]ew scenarios meet that standard." *Griffin v. Texas Roadhouse, Inc.*, 2017 WL 5476802, at *1-2 (N.D. Fla. Mar. 14, 2017) (citations and internal quotation marks omitted).

**Argument**

Until June 3, 2021, Ms. Blum did not know when her bellwether case would be set for trial. *See* Dkt. 17. Ms. Blum complied with all the Court's directives to get her case ready for trial on an unknown date and should not be penalized for her participation in the rigorous Bellwether Plaintiff process.

Despite Defendants' contrary insinuations, Ms. Blum is not simply dismissing her claim because she "no longer has faith" in her claims. Defs.' Br. at 5. Defendants were informed prior to Ms. Blum's motion that she wishes to dismiss her suit

2

because of family circumstances beyond her control that prevent her from attending trial in the October 18-29, 2021 time frame set by the Court. Specifically, Ms. Blum is a single mom who takes care of her special needs son that lives with her permanently, and she cannot leave him alone for 10+ days straight without adequate supervision and support. Defendants are well aware of the special needs of Ms. Blum's son, as his special needs are the documented reason she was unable to continue her military service[1] and Defendants confirmed his special needs and lifelong dependence on Ms. Blum during her deposition as well.[2] After the Court's order was issued on June 3, 2021, Ms. Blum attempted to make alternate supervision arrangements for her son that would allow her to be away from him for the required amount of time for trial, but she was unsuccessful in doing so. Once it was clear she could not find alternate arrangements for her son during the required time frame and advised her attorneys of this, the undersigned counsel filed the motion to dismiss in due course on July 2, 2021. Considering these uncontrollable family circumstances, Ms. Blum seeks dismissal without prejudice.

    Ms. Blum is a former servicemember who fulfilled all her obligations, hoping that trial would be set for a time that would allow her to attend the full trial.   Despite this sincere hope, her case was set for a time when she cannot leave her special-

---

[1] *See* Plaintiff's Exhibit A, attached hereto and incorporated herein.
[2] *See* Plaintiff's Exhibit B, attached hereto and incorporated herein.

needs son and cannot find alternate supervision for him for the lengthy time required to try her case before a jury. She has therefore clearly demonstrated good cause for a dismissal without prejudice.

Moreover, Defendants would suffer no prejudice as a result of the dismissal. The Court and the Parties have contemplated from the beginning that certain cases may fall out of the bellwether pool for various circumstances outside of the Court or the Parties' control, even after discovery, which is why alternates were chosen and worked up for trial. As such, no prejudice exists, much less the "clear legal prejudice" required by the Eleventh Circuit.

Indeed, "the sanction of dismissal [with prejudice] is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion." *United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1301 (11th Cir. 2019), *cert denied sub nom. Salgado v. United States*, 206 L. Ed. 2d 713 (Apr. 6, 2020) (citation and internal quotation marks omitted). Courts "have generally permitted it only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Id.*; *cf. Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) ("[A] dismissal with prejudice is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."). Plaintiff Blum engaged in no such delay

4

or contumacious conduct. Plaintiff therefore respectfully requests that the Court issue an Order granting Plaintiff's Motion to Dismiss this action without prejudice.

## 2. EACH PARTY SHOULD BEAR ITS OWN COSTS.

### Legal Standard

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A "prevailing party" is "one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001). To determine whether a litigant is a "prevailing party," the Eleventh Circuit applies a two-prong test, requiring (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim, or (2) a judicial imprimatur on the change in the legal relationship between the parties. *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (citations and quotations omitted) (following *Buckannon*, 532 U.S. at 604-05).

### Argument

The Court's granting of Plaintiff's voluntary motion to dismiss does not meet either prong of the Eleventh Circuit's test to elevate Defendants to prevailing party status. Allowing Plaintiff to dismiss her case because of family circumstances

beyond her control is not an adjudication of her claims or an award by the court of relief to Defendants on the merits of her claims, nor does such a dismissal amount to a judicial imprimatur on the change in the legal relationship between the parties. Therefore, Defendants are not entitled to reimbursement of their costs under Rule 54(d). *E.g.*, *Wood v. McCarty*, 2011 WL 13112571, at *2 (N.D. Fla. Aug. 3, 2011) ("Under all the circumstances, as a matter of discretion, I conclude that the case should be dismissed without prejudice and without conditions."). Further, Defendants' argument for costs is at odds with Fed R. Civ. P. 41(d). Under Rule 41(d), the Court may tax costs of a previously dismissed action when a plaintiff commences a second action on the same claim against the same defendant. This has not occurred here—and the fact that it may occur in the future demonstrates why an award of costs is not appropriate now. Defendants' argument ignores the plain language of Rule 41, providing a mechanism for relief should Plaintiff renew her claims against Defendants. Defendants are essentially asking the Court interpret Rule 41(a)(2) together with Rule 54(d) to mean that costs are to be imposed in every post-answer voluntary dismissal granted by the court. Such an interpretation is not warranted here and the equities in this case are not served by such an interpretation.

Despite Defendants' arguments to the contrary, Plaintiff had every intention of bringing her case to trial, as evidenced by Plaintiff's own investment of time and money into the prosecution of her case. However, the timing of the trial, first

6

noticed one month ago, conflicts with Ms. Blum's family obligations—obligations that Defendants know have affected her life for over a decade—including her ability to continue her military service, her occupational choices, and where she resides.

Lastly, the dismissal of Ms. Blum's action does not create waste or "inject[] inefficiencies" into the bellwether process, as Mr. Adkins' case can slide into this open trial spot without objection from either party. Defs.' Br. at 9. For these reasons, the Court should order each party to bear its own costs.

_____

## **CONCLUSION**

As no clear legal prejudice exists to Defendants as a result of the dismissal of Plaintiff's case without prejudice, Plaintiff respectfully requests that the Court issue an Order granting Plaintiff's Motion to Dismiss this current action without prejudice, with each party to bear its own attorneys' fees and costs.

        Respectfully submitted,

        */s/ Michael A. Burns*
        Michael A. Burns
        FL Bar No. 0973130
        Caroline L. Maida (Admitted Pro Hac Vice)
        TX Bar No. 24078906
        Email: epefile@mostynlaw.com
        Mostyn Law
        3810 W. Alabama St.
        Houston, TX 77027
        Telephone: (713) 714-0000
        Facsimile: (713) 714-1111

        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 8th day of July 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system.

*s/ Michael A. Burns*
Michael A. Burns
