UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Brandon Adkins*, 7:20cv012 *Michelle Blum*, 7:20cv122 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

This matter is before the Court on Defendants' Motion Regarding Scheduling of Group B Bellwether Trials. *See Blum*, ECF No. 28. On consideration, Defendants' request is denied.

*Taylor*, the first Group B case set for trial beginning on September 20, 2021 was recently dismissed. *See* Joint Stip., *Taylor*, ECF No. 23. Defendants argue that the *Taylor* case should not be replaced with that of the Group B alternate, Brandon Adkins, and instead should be replaced by the *Blum* case, which is scheduled for trial on October 18, 2021. Plaintiffs have not yet filed a response, but according to Defendants, they rejected Defendants' proposal to move *Blum* to the September trial date and try *Adkins* in October. Defendants argue—without citing any authority—that they would suffer "significant prejudice" from trying the *Adkins* case in September because the "time-consuming" process of preparing deposition

designations, exhibit lists, and a pretrial stipulation has not yet started in *Adkins*, whereas that process has already begun for *Blum*. The Court disagrees. The Court and the parties have anticipated from the beginning of the bellwether process that there would be instances where a bellwether alternate plaintiff would necessarily take the place of a bellwether plaintiff. Accordingly, *Adkins*, the Group B alternate, has been on the same pretrial schedule as the rest of Group B. Discovery and expert discovery deadlines were identical across Group B, and *Daubert* and dispositive motions for all of Group B are due on the same day, August 6, 2021. *See* Pretrial Order No. 70, Case No. 319md2885, ECF No. 1666. Thus, both sides already have all of the information they need to designate deposition testimony and create exhibit lists, and should have anticipated the possibility that *Adkins* would go to trial.[1]

Moreover, in the Group A trials, the majority of the admitted evidence, including deposition video and exhibits, was not plaintiff-specific. The Court acknowledges that some of the "general" evidence may change depending on a plaintiff's claims, but here, the parties have agreed that both *Taylor* and *Adkins* are governed by Washington law, and as far as the Court is aware, both plaintiffs allege that they suffer from hearing loss and tinnitus, and both assert the same claims under Washington law. In other words, much of the evidence already identified by the

---

[1] Indeed, this possibility was contemplated less than a month ago when Plaintiffs filed a motion to dismiss in *Blum*.

parties for *Taylor*, aside from the plaintiff-specific evidence, is likely applicable to the *Adkins* case as well.

Accordingly, the Court finds that *Adkins* is an appropriate substitute for *Taylor*, and the case will go to trial on September 20, 2021. The pretrial deadlines previously set in *Taylor* will not apply to *Adkins*, however. Instead, the parties must meet and confer with Judge Herndon on Friday, July 30, 2021 on new proposed pretrial deadlines for *Adkins*. Those proposed deadlines must be submitted to the Court no later than 12PM (central) on Tuesday, August 3, 2021.

**SO ORDERED**, on this 28th day of July, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**