## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Blum*, 7:20-cv-122 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

### ORDER

This matter is before the Court on Defendants' Motion for Judgment as a Matter of Law ("JMOL") under Federal Rule of Civil Procedure 50(a) on all of Plaintiff Michelle Blum's claims on statute of limitations grounds as well as on her claims for fraudulent misrepresentation, negligent misrepresentation, breach of express or implied warranty and statutory consumer protection.[1] On consideration, the motion is **DENIED**.

JMOL is appropriate where a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169, 1177 (11th Cir. 2005) (citing Fed. R. Civ. P. 50(a)). When considering such a motion, a

---

[1] The Court has already found, on the record during oral argument, that a reasonable jury could find that Defendants owed Blum a duty to disclose on her fraudulent concealment claim. Additional discussion on this issue can be found in Court's summary judgement order, ECF No. 53.

court must "review the entire record, examining all the evidence, by whomever presented, in the light most favorable to the nonmoving party, and drawing all reasonable inferences in the nonmovant's favor." *Id.* In doing so, the court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A motion for JMOL should be granted "only if the facts and inferences point so overwhelmingly in favor of the [moving party] that [a] reasonable [jury] could not arrive at a contrary verdict." *Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 656 (11th Cir. 1998).

Defendants first argue that all of Blum's claims are barred by the statute of limitations. The Court disagrees because there is a triable issue of fact as to whether the doctrine of equitable estoppel applies to Ms. Blum's claims.[2]

Under New York law, "[e]quitable estoppel sufficient to bar the interposition of the statute of limitations results from representations or conduct which have induced a party to postpone bringing suit on a known cause of action, or from fraudulent concealment of an action which is unknown to a party." *Knaysi v. A.H. Robins Co.*, 679 F.2d 1366, 1368 (11th Cir. 1982), *reh'g denied,* 688 F.2d 852 (11th

---

[2]    Previously, Defendant seemingly conceded that Blum's "claims for fraud and misrepresentation arguably survive the various statute of limitations under New York law." ECF No. 34 at 9 n.5. Now, however, Defendants have argued that Blum's fraud claims are time-barred based on New York case law. The Court finds that the triable issues of fact as to equitable estoppel make a decision on this issue unnecessary.

Cir. 1982) (quoting *Parsons v. Dep't of Transp.*, 344 N.Y.S.2d 19, 24 (N.Y. Sup. Ct. 1973)).  Thus, "equitable estoppel will preclude a defendant from using the statute of limitations as a defense where it is the defendant's affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding."  *Nuance Commc'ns, Inc. v. Int'l Bus. Machs. Corp.*, --- F. Supp. 3d ---, 2021 WL 2535575, at *22 (S.D.N.Y. June 21, 2021) (quoting *Putter v. N. Shore Univ. Hosp.*, 858 N.E.2d 1140, 1142 (N.Y. 2006)). Equitable estoppel is an "extraordinary remedy," and it is therefore a plaintiff's burden to establish both that (1) she relied on "subsequent and specific actions" of "deception, fraud, or misrepresentation" by defendants which "somehow kept [her] from timely bringing suit" and (2) the plaintiff "lack[ed] knowledge of the true facts." *See Pulver v. Dougherty*, 871 N.Y.S.2d 495, 496–97 (N.Y. App. Div. 2009) (citations omitted).  A defendant's representations rise to the level of deception, fraud, or misrepresentation if the plaintiff shows the defendant made the representations "with intent to defraud, knowledge of their falsity, or disregard for their truth." *See Nuance Commc'ns, Inc.*, 2021 WL 2535575, at *23 n.30.

Previously, the Court denied Defendants' motion for summary judgment on this issue because the Court determined there were "triable issues of fact . . . as to whether equitable estoppel applies to bar Defendants' statute-of-limitations defense." *Blum*, ECF No. 53, at 8.  Now, Defendants argue that the Court's reliance

on the Eleventh Circuit's interpretation of New York law in *Knaysi* was misplaced due to more recent New York Court of Appeals decisions. The Court disagrees.

Each of the cases cited by the Defendants is distinguishable from the facts in Blum's case and not inconsistent with *Knaysi*. First, Defendants cite *Zumpano v. Quinn* for the proposition that when concealment occurs without actual misrepresentation, and the plaintiff cannot demonstrate that a fiduciary relationship created an obligation for defendant to inform plaintiff of their rights, equitable estoppel does not apply. *See* Blum Trial Tr. 10/27/2021, at 15. Defendants' argument misses the mark. The Court considered *Zumpano* in deciding Defendants' summary judgement motion and found the facts of that case distinguishable from Blum's because 3M's actions cannot be characterized as "mere silence," *see Blum*, ECF No. 53 at 8, n.6, and the facts presented at trial confirm this finding. For example, Blum has presented evidence at trial showing that Defendants were aware that the CAEv2 had design defects as identified in the Flange Report and that the initial testing did not support the advertised NRR, which Defendants continued to market and sell the product with for 15 years. Further, Blum presented evidence that this knowledge was also concealed from the military. *See* Blum Trial Tr. 10/27/2021, at 268-271.

Additionally, Defendants cite *Ross v. Louise Wise Services, Inc.* and *Tenamee v. Schmuckler*, which are distinguishable from Blum's case as well. Both *Ross* and

*Tenamee* decided that claims cannot be protected by the doctrine of equitable estoppel when there was no evidence of a separate fraudulent act that concealed the existence of the cause of action. *See Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 491–492 (2007) (determining that the doctrine of equitable estoppel did not apply because plaintiff did not provide evidence that the defendant took actions to conceal the original tort); *and Tenamee v. Schmukler*, 438 F.Supp.2d 438, 445 (S.D. N.Y. 2006) (determining that the doctrine of equitable estoppel did not apply because the concealment of a conflict of interest was both the basis for the cause of action and the basis for equitable tolling). In other words, under New York law, "[f]or the doctrine to apply, a plaintiff may not rely on the same act that forms the basis for the claim — the later fraudulent misrepresentation must be for the purpose of concealing the former tort." *Ross*, 8 N.Y.3d at 491 (citing *Zumpano*, 6 N.Y.3d at 674).

Here, Blum has provided evidence of subsequent fraudulent acts by Defendants that do not form the basis of her fraud causes of action. Blum provided evidence that Defendants' representation that the CAEv2 had an NRR of 22 was false. Additionally, Blum provided evidence that Defendants' representation that the CAEv2 open end was safe to use at gun ranges was false and misleading. These acts are separate and distinct from the concealment of the Flange Report, which arguably concealed the existence of Blum's claims. As such, Blum presented enough evidence at trial for a reasonable jury to conclude that Defendants made fraudulent

misrepresentations which resulted in Blum's failure to institute a timely action.  *See Knaysi*, 679 F.2d at 1370; *Local No. 4, Int'l Ass'n of Heat & Frost & Asbestos Workers v. Buffalo Wholesale Supply Co., Inc.*, 854 N.Y.S.2d 610, 612 (N.Y. App. Div. 2008) ("Although there are exceptions, 'the question of whether a defendant should be equitably estopped is generally a question of fact.'") (quoting *Putter v. N. Shore Univ. Hosp.*, 858 N.E.2d 1140, 1142 (N.Y. 2006)).

Defendants also move for JMOL on grounds that Blum's claims for fraudulent misrepresentation, negligent misrepresentation, breach of express or implied warranty and statutory consumer protection fail as a matter of law because Blum has not relied on any statement of the Defendants.  Specifically, Defendants argue that Blum's testimony that the CAEv2 was "better than foamies" is not an actionable misrepresentation because there is no evidence that Defendants ever made such a representation to military.

"Under New York law, a plaintiff may state a claim for fraudulent misrepresentation made to a third party if he alleges that he relied to his detriment on the defendant's misrepresentation and that the defendant intended the misrepresentation to be conveyed to him."  *Sec. Inv. Prot. Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 71 (2d Cir. 2000).  "In other words, 'if A. makes the statement to B. for the purpose of being communicated to C. or intending that it shall reach and influence him, he can be . . . held [liable].'"  *Fin. Guar. Ins. Co. v. Putnam Advisory*

*Co., LLC*, 12-cv-7372, WL 5518146, at \*84 (S.D.N.Y. Sept. 14, 2020) (quoting *Eaton, Cole & Burnham Co. v. Avery*, 83 N.Y. 31, 34–35 (1880)).

Defendants' argument that Blum's claims fail as a matter of law because Defendants never represented that the CAEv2 would perform "better than foamies" ignores key pieces of evidence admitted during trial. Blum's testimony is clear, in that she understood when she should wear the green end of the plug and when she should wear the yellow end of the plug, and her understanding was consistent with how the plug was marketed by Defendants to the United States Army. Clearly, Defendants knew that the Army was going to provide the plug to soldiers for use on gun ranges. Indeed, Blum's use of the CAEv2 on the gun range is completely consistent with Defendants' representations to the Army on the efficacy of the earplug for use on gun ranges. Further, Defendants represented to the Army that the green end of the combat arms had an NRR of 22, which the Army relied on in supplying the CAEv2 to its soldiers, as shown by the Medical Procurement Item Description (MPID). *See* Blum Trial Tr. 10/22/2021, at 319 (discussing requirements of the MPID). As such, Blum has provided sufficient evidence to create a triable issue of fact on whether she reasonably relied on Defendants' misrepresentations.

Based on the forgoing, Defendants' Motion for Judgment as a Matter of Law as to Blum's claims is **DENIED**.

**DONE AND ORDERED** this 28th day of October 2021.


*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**