UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Blum*, 7:20-cv-122 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

At the close of trial this afternoon, following closing arguments and after the jury had left the courtroom to begin deliberating, Defendants orally moved for a mistrial based on a comment made by Plaintiff's counsel during his rebuttal closing suggesting that the jury should consider in part how the Defendants tried their case in deciding punitive damages.

The bar for a mistrial is high. In cases of attorney misconduct, courts consider "whether the improper assertions have made it 'reasonably probable' that the verdict was influenced by prejudicial statements." *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 207 (3d Cir. 1992) (quoting *Draper v. Airco, Inc.*, 580 F.2d 91, 97 (3d Cir. 1978)). The misconduct must be such that it would "impair gravely the calm and dispassionate consideration of the case by the jury." *Vineyard v. Cty. of Murray, Ga.*, 990 F.2d 1207, 1213 (11th Cir. 1993) (quoting *Allstate Ins. Co. v. James*, 845 F.2d 315, 318 (11th Cir. 1988) (internal quotations

omitted)).  In determining whether to set aside a jury verdict based on an attorney statement made during closing argument, the Eleventh Circuit "look[s] to the entire closing argument, the context of the remarks, the objection raised, and the curative instruction."  *Gonzalez v. Batmasian*, 734 F. App'x 677, 682 (11th Cir. 2018) (quoting *Allstate Ins. Co.*, 845 F.2d at 318); *Hilger v. Velazquez*, 613 Fed. App'x 775, 776 (11th Cir. 2015) (per curiam) (quoting *Allstate Ins. Co.*, 845 F.2d at 318).

Plaintiff's counsel's single comment, albeit arguably improper, does not meet the high bar required for a mistrial.  Additionally, and importantly, Defendants made no objection to the comment during the closing argument and instead waited to raise the issue until after the jury had been excused from the courtroom to deliberate.  As a result, the Court never had the opportunity to provide a curative instruction to the jury.  In the Eleventh Circuit, the "general rule is that a timely objection is necessary to bring to the district court's attention errors in counsel's arguments."  *Oxford Furniture Companies, Inc. v. Drexel Heritage Furnishings Inc.*, 984 F.2d 1118, 1128 (11th Cir. 1993) (citing *Woods v. Burlington Northern R. R. Co.*, 768 F.2d 1287, 1292 (11th Cir. 1985) (per curiam)).  If no timely objection is made, a new trial is warranted only when "the interests of substantial justice are at stake," which is rarely the case for improper attorney argument in a civil case.  *Id*. (citing *Woods*, 768 F.2d at 1292; *McWhorter v. Cty. Of Birmingham*, 906 F.2d 674, 677 (11th Cir. 1990) (per curiam)).  Such is the case here.

Accordingly, Plaintiff's counsel's isolated comment, which was not timely objected to, does not meet the high bar for a mistrial and Defendants' motion is **DENIED**.

**DONE AND ORDERED** this 28th day of October 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**